UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 09-167S |
| | : | |
| JACOB CROSS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is the Motion for Pro Hac Vice Admission of Attorney Paul J. Andrews as counsel for Defendant. (Document No. 27). The Motion is in proper form and supported as required by Local Rule Gen. 204.

In his Application, Attorney Andrews discloses that he was suspended from the Massachusetts Bar from April 5, 2005 to October 30, 2006, and that he was convicted in the U.S. District Court, District of Columbia, of two misdemeanor counts of conversion of public money in violation of 18 U.S.C. § 641 on March 22, 2005.

On February 2, 2010, Judge Smith referred the Motion for Admission Pro Hac Vice of Mr. Andrews to me for a Report and Recommendation. In addition to reviewing the Motion and Application (Document Nos. 27 and 28), I have conducted my own investigation by reviewing the electronic docket and available filings in the criminal case (U.S. v. Paul Andrews, 1:04-MJ-791 JMF (D.D.C. 2005)), the electronic docket for the District of Massachusetts to review the criminal cases in which Attorney Andrews has appeared as defense counsel since November 1, 2006, and the information and attorney profile of Attorney Andrews contained on the website of Denner-

Pellegrino, LLP, his current law firm. Finally, I interviewed Attorney Andrews by telephone on February 4, 2010.

Based on the information gathered, I recommend that Judge Smith GRANT the Motion for Admission Pro Hac Vice of Attorney Paul Andrews. Attorney Andrews' Massachusetts Bar suspension was solely related to the self-report of his 2005 misdemeanor convictions and was not the result of any independent ethical breaches. As to the criminal case, it arose out of Attorney Andrews' former employment as a U.S. Department of Justice ("DOJ") prosecutor stationed in Massachusetts. Attorney Andrews joined the DOJ in its Honors Program after clerking for U.S. District Judge Harrington in Boston. His former job with the DOJ involved extensive travel and the criminal charges apparently related to the submission of inflated travel expense vouchers and failure to report two weeks of vacation. Attorney Andrews entered a plea agreement and plead guilty to a Misdemeanor Information before a Magistrate Judge. He was sentenced to one year of unsupervised probation and restitution.

Attorney Andrews currently practices with a fairly large criminal defense firm in Boston and is a member in good standing of the Massachusetts state and federal bars. He appears relatively frequently before the District of Massachusetts in criminal cases and has previously been admitted pro hac vice in the federal courts in Connecticut and Arkansas. Attorney Andrews fully accepted responsibility for the conduct that resulted in his 2005 misdemeanor convictions and has paid his debt to society and appears to have successfully put the transgression in his past. He is a highly experienced criminal lawyer and currently has an active defense practice. My investigation has uncovered no concerns which would justify denying pro hac vice privileges to Attorney Andrews in this case, particularly since other courts (including the Districts of Connecticut and

Massachusetts) have allowed Attorney Andrews to practice before them without any apparent problems.

For the foregoing reasons, I recommend that the Motion for Admission Pro Hac Vice of Attorney Paul J. Andrews, Jr. (Document No. 27) be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 8, 2010